434 A.2d 1280

**Susan A. KOTVAS, Appellee,**

v.

**Robert KOTVAS, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1981.

Filed Sept. 18, 1981.

Richard K. Brandt, Pittsburgh, for appellant.

Gordon Michael Fisher, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

CAVANAUGH, Judge:

The question before us is whether the appellee, Susan Kotvas, complied with the requirements of Pa.R.C.P. 1124(b) in the attempted service upon the appellant of a complaint in divorce. Susan Kotvas filed a complaint in divorce against Robert Kotvas, the appellant, on February 13, 1979. Constable William Martin's attempts at service at the appellant's last known address were unsuccessful. The constable executed an affidavit of attempted service indicating that appellant was "not found" at that address. Appellee thereafter sent a copy of the complaint by certified mail to appellant's last known address, which was returned unclaimed.

On May 8, 1979 appellee filed the affidavit of attempted service, an affidavit of the mailing of the complaint, and an affidavit purporting to set forth the nature and extent of the investigation of the appellant's present residence and whereabouts. On the same day appellee filed a praecipe for hearing and on May 11, 1979 the notice of the hearing (set for June 11, 1979) was sent by the prothonotary to the appellant by certified mail. Appellant accepted the notice, personally signed, as reflected on the certified mail return receipt.

On June 8, 1979 the parties reconciled and the hearing was continued generally. However, on September 17, 1979 appellee filed a second praecipe for a hearing and notice of the scheduled hearing was sent to the appellant's address. The notice was returned by the postal service with the notations "notified September 19, 1979" and "Second notice. No reply to first notice mailed".

The hearing took place as scheduled before the Master in Divorce. Appellant made no appearance. The master rec-

ommended that the divorce be granted. However, her report contained a remark that "affidavit of diligent search indicates no effort to find [the defendant] other than certified mail; however, file shows reconciliation attempt and postponement after attempted services." On October 25, 1979 a decree in divorce was granted by the lower court. We reverse.

Rule 1124[1] provides, in pertinent part:

(b) If service cannot be made under Subdivision (a)(1) or (a)(2) of this rule and has not been made under Subdivision (a)(3) of this rule, and the sheriff or constable has made a return or affidavit of "Not Found", and if the plaintiff has made a good faith investigation to ascertain the present residence and whereabouts of the defendant, the plaintiff, without reinstatement of the complaint, shall have the right of service by

(1) sending a copy of the complaint by registered mail to the defendant's last known address;

(2) filing an affidavit setting forth the nature and extent of the investigation; and

(3) filing an affidavit of the mailing of the complaint.

Thus service by registered mail is only proper "if the plaintiff has made a good faith investigation to ascertain the present residence and whereabouts of the defendant". An affidavit setting forth the nature and extent of the investigation must be filed.

In the instant case the Affidavit of Diligent Search is completely devoid of any information concerning the nature and extent of the investigation. In fact, no investigation is claimed to have been conducted. The plaintiff-appellee merely claims that a certified letter, sent to defendant's last known address, was returned unclaimed. This allegation merely claims compliance with Rule 1124(b)(1) which requires the plaintiff to send a copy of the complaint to the last known address by registered mail. The only other information in the affidavit is that the plaintiff has no

1. Rule 1124, Pa.R.C.P. has been rescinded. Service on a defendant to an action in divorce is now governed by Pa.R.C.P., Rule 1920.4.

information as to the defendant's whereabouts nor of anyone who would have this information. Appellee fails to describe what efforts, if any, were made to attempt to discover the defendant's whereabouts.

Previously Rule 1124(b) provided that where the constable or sheriff properly made a return of "Not Found", service by publication was required. As amended the Rule imposes more stringent requirements on the plaintiff in affecting service:

> The amendment, in order to prevent abuse of the registered or certified mail service, requires the filing of an affidavit showing the nature and extent of the investigation to ascertain the address and whereabouts of the defendant and also requires an affidavit of the mailing of the complaint. These affidavits become part of the record and subject to the scrutiny of the master and the court. If the court concludes that the investigation was inadequate, it could rule that service had not been made in conformity with the Rule and that there was no jurisdiction to enter a decree in favor of the plaintiff. This is a substantial tool to avoid cases where the plaintiff deliberately seeks to avoid giving notice of the action to the defendant, although the defendant's whereabouts are known.

Goodrich-Amram 2d § 1124(b) 1, p. 319 [footnote omitted]. Thus "efforts to ascertain the whereabouts of the defendant are essential. An affidavit which fails to specify these efforts is inadequate to support jurisdiction." *Id. citing Howell v. Howell*, 32 Beaver Co.L.J. 62 (1972).

Although there is no appellate decision addressing this precise issue, the case of *Doychak v. Doychak*, 5 D. & C.3d 324 (1978) involves a similar situation. In that case the plaintiff's affidavit stated that mail sent to defendant's last known address was returned by the post office marked "Moved, left no address". It also alleged that the plaintiff "knows no other address" and has "exhausted all efforts to determine the defendant's whereabouts". As in the instant case the nature and scope of the investigation were not set

forth. The court held that the affidavit was totally inadequate to satisfy the requirements of Rule 1124(b).

We hold that the appellee's failure to comply with the requirements of 1124(b) resulted in a lack of jurisdiction over the defendant. In its opinion the lower court held that the requirements of Rule 1124 were fully complied with. However, in reaching this conclusion the court relies on appellee's Amended Affidavit of Attempted Service. This amended affidavit was filed on January 8, 1980, subsequent to the October 29, 1979 issuance of the divorce decree. The affidavit sets forth with much greater specificity the nature and extent of the investigation conducted into the defendant's whereabouts prior to service by certified mail. Regardless of the nature and extent of the investigation this affidavit sets forth, it cannot confer jurisdiction retroactively.

Divorce decree vacated.